IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

COREY TURNER                                                                                    PLAINTIFF

v.                                          Civil No. 6:20-CV-06124

JAILER ANDREW RIDGELL,                                                                    DEFENDANTS
JAILER CALEB JACKSON, and
SHERIFF JASON WATSON

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is the matter of Plaintiff's *in forma pauperis* status. Plaintiff is currently incarcerated in the Arkansas Division of Correction Hawkins Unit for Men.

Plaintiff filed his Complaint on October 29, 2020. (ECF No. 1). It was provisionally filed the same day, and Plaintiff was granted *in forma pauperis* ("IFP") status. (ECF No. 3). An additional review of Plaintiff's federal cases revealed that Plaintiff has had at least three cases, filed when he was incarcerated or detained, which were dismissed as frivolous or as failing to state a claim.

The IFP statute, 28 U.S.C. § 1915, was amended by the Prison Litigation Reform Act ("PLRA"). A provision, § 1915(g), was added limiting the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim, to obtain IFP status. Specifically, § 1915(g) provides that:

1

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See also Higgins v. Carpenter*, 258 F.3d 797, 800-801 (8th Cir. 2001) (holding that §1915(g) is constitutional). This provision has commonly become known as the "three strikes rule" or the "three strikes provision."

In this case, the three strikes rule applies to Plaintiff. He has at least three previous prisoner-initiated actions that qualify as strikes against him under 28 U.S.C. §1915(g). They are: *Turner v. Turner*, Case No. 6:19-cv-06122 (W.D. Ark. Mar. 25, 2020); *Turner v. Bethell*, Case No. 6:19-cv-06105 (W.D. Ark. Nov. 18, 2019); and, *Turner v. Cabe*, Case No. 6:11-cv-06056 (W.D. Ark. Nov. 10, 2011). Plaintiff had, therefore, accumulated three strikes prior to filing the instant lawsuit on October 29, 2020.

Nevertheless, Plaintiff may be allowed to proceed IFP if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. §1915(g) (providing that three strikers should be granted permission to proceed IFP if they are "under imminent danger of serious physical injury"). The Eighth Circuit has explained that the imminent danger exception to section 1915(g) applies only if the prisoner alleges that he is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Plaintiff has not alleged that he is in any danger, much less imminent danger, at the time he filed this suit. Instead, he has alleged claims regarding events which occurred on July 18, 2018, in the Clark County Detention Center. Plaintiff is now housed in the ADC. Thus, he has failed to satisfy the imminent danger exception to the three strikes rule, and Plaintiff's IFP status was improvidently granted.

Accordingly, it is recommended that Plaintiff's IFP status be REVOKED, and he be DIRECTED to pay the full $350.00 filing fee at a deadline to be determined at the adoption of the Report and Recommendation.

In the event that Plaintiff's IFP status is revoked, he should also be advised that, in the event he tenders the filing fee, he will also be responsible for other costs associated with this action, such as costs of service and fees for the issuance of any requested subpoenas. In addition, Plaintiff is precluded from filing any future civil action IFP unless he is under imminent danger of serious physical injury.

The Court CERTIFIES, pursuant to 28 U.S.C. §1915(a)(3), that an IFP appeal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of November 2020.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE